**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| **VS.** | * | **NO. 26-1935** |
| **UNOPENED SUCCESSION OF JOE WESER SALINAS** | * | **SECTION " "** |
| | * | **MAGISTRATE** |

* * *

**COMPLAINT FOR *IN REM* FORECLOSURE AND SALE AND MOTION TO APPOINT REPRESENTATIVE**

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes plaintiff, the United States of America, and respectfully submits its Complaint against defendants, Unopened Succession of Joe Weser Salinas, and hereby alleges the following:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff is the United States of America ("United States") on behalf of the United States Department of Housing and Urban Development ("HUD").

2.

Made defendant is the Unopened Succession of Joe Weser Salinas ("Salinas").

3.

In this matter, HUD seeks foreclosure on property located in Jefferson Parish, Louisiana. HUD is a mortgage holder on said property formerly owned by Salinas, who owed debt in the amount of $162,808.39 as the result of HUD's federally insured Home Equity Conversion Mortgage loan.

4.

Jurisdiction is proper under 28 U.S.C. § 1345 as an action commenced by the United States on behalf of its agency, HUD.

5.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since the property that is the subject of the above-captioned action bearing address of 617 Harang Avenue, Metairie, Louisiana, is situated within this judicial district.

**Law**

6.

The National Housing Authority confers upon the Secretary of HUD the power to initiate foreclosure proceedings on property covered by a federally insured mortgage. 12 U.S.C. § 1713(k).

7.

HUD authorizes its Secretary to "foreclose on any property or commence any action to protect or enforce any right conferred upon him by any law, contract, or other agreement." 42 U.S.C. § 3535(i)(1).

8.

To recover, the United States must show that (1) Salinas signed the Note, (2) the government is the present owner or holder, and (3) the Note is in default. *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2011) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993).

**Facts**

9.

Salinas executed and delivered to Wells Fargo Bank N.A. aa Adjustable Rate Note ("Note") dated December 23, 2008, for a Home Equity Conversion Loan ("Loan"). Simultaneously, Salinas executed and delivered to HUD an Adjustable Rate Second Note ("Second Note") for the Loan. A copy of both the Note and the Second Note are attached as Exhibit A.

10.

The Loan was made under HUD's Home Equity Conversion Mortgage loan program. This is a reverse mortgage program that does not require the borrower to make monthly or other periodic payments to repay a loan. Under this program, HUD insures reverse mortgages originated by private lenders. The loan balance increases over time and does not become due and payable until the parties who signed the mortgage are deceased or have vacated the premises for a period of one year. *See* section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. § 1715z-20); 24 C.F.R. Part 206, et seq.; and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. promulgated by the Secretary of HUD under the aforesaid regulations.

11.

Salinas promised in paragraph 2 of the Note to pay a principal amount equal to the sum of all loan advances together with interest starting at the rate of 2.2% per annum. *See* Exhibit A.

12.

Concurrently with the execution and delivery of the Note and for the purpose of securing payment of the Note, Salinas executed, acknowledged, and delivered to Wells Fargo Bank, N.A. an Adjustable Rate Home Equity Conversion Mortgage, and to HUD a Fixed Rate Home Equity Conversion Mortgage both filed of record on December 23, 2008, in the Office of the Clerk of

Court and Recorder for Jefferson Parish, Louisiana, respectively under Registry Number 10902714, in Mortgage Book 4396 Page 141, and Registry Number 10902715, in Mortgage Book 4396 Page 142. Copies of the Mortgages are attached as Exhibit B.

13.

The Mortgages constitute valid mortgages upon the immovable property described therein as:

> ONE CERTAIN LOT OF GROUND, TOGETHER WITH ALL THE BUILDINGS AND IMPROVEMENTS THEREON AND ALL THE RIGHTS WAYS, PRIVLIDGES, SERVITUDES, ADVANTAGES AND APPURTENANCES THERUNTO BELONGING OR IN ANYWISE APPERTAINING, SITUATED IN THE PARISH OF JEFFERSON, STATE OF LOUISIANA, IN THAT SUBDIVISION KNOWN AS EMO ELMS, BEING A PART OF THE PLANTATION FORMERLY KNOWN AS ST. MARTIN OR SARPY OR ST. GEORGE COMPOSED OF THOSE PORTIONS THEREON DESIGNATED AS LOT B OF THE TRONE TRACT, ON A SURVEY BY ADLOE ORR, JR. C.E. AND S., DATED APRIL 25, 1950, A BLUE PRINT WHEREOF IS ANNEXED TO AN ACT OF SALE PASSED BEFORE JOHN F. STAFFORD, NOTORY PUBLIC, ON MAY 29, 1950, AND PART OF THE NUCCIO TRACT, ON A SURVEY OF ADLOE ORR, JR., C.E., DATED APRIL 28, 1950, A BLUE PRINT WHEREOF IS ANNEXED TO AN ACT OF SALE PASSED BEFORE HARRY P. GAMBLE, JR., NOTARY PUBLIC, ON A MAY 30, 1950, AND SUBDIVISION INTO THE RDMO ELMS SUBDIVISION, ON A SURVEY BY ADLOE 6, 1950, AND ACCORDING THERETO: LOT NO. 27, IN THE SQUARE BOUNDED ON THE WEST BY HARANG AVENUE, ON THE SOUTH BY KING STREET, ON THE EAT BY THE EASTERN BOUNDRY OF EDMO ELMS SUBDIVISION AND ON THE NORTH BY WEST METAIRIE AVENUE, COMMENCES AT A DISTANCE OF 200 FEET FROM THE CORNER OF HARANG AVENUE KING STREET AND MEASURES THENCE 50 FEET FRONT ON HARANG AVENUE, THE SAME IN WIDTH IN THE REAR, BY A DEPTH OF 120 FEET BETWEEN EQUAL AND PARALLEL LINES; ALL IN ACCORDANCE WITH A SUREVEY OF J.J. KREBS AND SONS, SURVEYORS, DATED APRIL 26, 1968. BEING THE SAME PROPERTY CONVEYED TO JOE WESER SALINAS, TENANCY NOT STATED BY DEED FROM MARTHA CANCHOLA SALINAS LEININGER, DIVORCED, DATED 9-1-95, FILED 9-13-95 AND RECORDED IN DEED IN BOOK 2924, PAGE 13 IN JEFFERSON PARISH RECORD.

14.

The Note and Mortgage held by Wells Fargo Bank, N.A., were assigned to Nationstar Mortgage LLC d/b/a Champion Mortgage Company, by that certain Assignment of Mortgage dated October 10, 2017, and filed of record on November 20, 2019, in the Jefferson Parish Clerk's Office, State of Louisiana under Registry Number 11959308, Book 4855, Page 990. A copy of the Assignment of Mortgage is attached as Exhibit C.

15.

Joe Weser Salinas died on April 4, 2020 while a resident of Metairie, Louisiana.

16.

Based upon an examination of the website of the Jefferson Parish, Clerk of Court on August 21, 2026, no proceedings for the administration of succession of Joe Weser Salinas has been opened, and a succession has not been judicially accepted by their heirs.

17.

Written notice of intent to foreclose and accelerate the Mortgage balance dated October 31, 2020, was mailed to the Estate of Joe Weser Salinas addressed to the Subject Property pursuant to paragraph 8 of the Note and paragraph 16 of the Mortgage. A copy of the notice of intent is attached as Exhibit D.

18.

The United States does hereby declare the entire unpaid principal amount of the Note immediately due and payable, together with all accrued interest thereon, all advances, including advances made for taxes and insurance pursuant to paragraph 6(A)(i) of the Note and paragraph 9(a)(i) of the Mortgage as a result of the death of Joe Weser Salinas.

19.

After allowing for all payments and other credits as of September 3, 2024, there is past due and owing under the Note the sum of $162,808.39 which includes additional interest on the principal balance of $91,412.62 at the fixed rate of 6.58%. Interest continues to accrue after September 3, 2024, at the rate of $31.58 per day. A Certificate of Indebtedness is attached as Exhibit E.

20.

All requirements listed in paragraph 8 are met for the United States to foreclose on the property and recover the debt. Exhibit A shows that Salinas signed the Note. HUD is the present holder of the Note, as shown in Exhibits A and C. Finally, as evidenced by the Certificate of Indebtedness and Notice of Intent to Foreclose, the Notes are in default. *See* Exhibits D and E.

21.

The United States desires to enforce its rights in this action *in rem* only and does not assert or seek to recover a claim against any party or person *in personam*. This Court has jurisdiction over the Subject Property; but, since the succession of Joe Weser Salinas is not under administration and Joe Weser Salinas' heirs have not judicially accepted the succession, an attorney at law should be appointed by the Court to represent the estate of Joe Weser Salinas in the above-captioned and numbered action as provided for under the law of Louisiana codified at La. Code of Civil Pro. Art. 5091A(2)(a).

22.

To maximize the sale of the property, the United States asks that the U.S. Marshal Service be authorized to contract with Lawler Auction Company in order to sell the Subject Property pursuant to 28 U.S.C. § 2001.

**Prayer for Relief**

WHEREFORE, the United States prays:

1. That an attorney at law be appointed to act as the representative for the Unopened Succession of Joe Weser Salinas solely for purposes of the above-captioned and numbered action, and for service upon said representative of a copy of this complaint together with citation according to law;

2. After legal delays and due proceedings herein, for judgment in favor of the United States and against the Unopened Succession of Joe Weser Salinas, *in rem* only and not *in personam*, for the amount due and owing the United States as set forth in Paragraph 17, plus all further advances up to the date of judgment made under the terms of the Mortgage;

3. That the Subject Property may be sold by the United States by the U.S. Marshal Service via Lawler Auction Company in accordance with provisions of 28 U.S.C. § 2001;

4. That out of the proceeds of said sale, the United States be paid by preference and priority over all persons whosoever, the amount of its claim, including any advances made by the United States up to the date of judgment for the account of the succession of Joe Weser Salinas, in accordance with the terms of the Mortgage, and that the amount realized from said sale be credited *pro tanto* upon the amount of the judgment herein;

5. That a United States Marshal will execute necessary documents to complete the sale of the Subject Property; and

6. For costs and all other orders and decrees necessary in connection with the above captioned and numbered action.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*s/ Churita H. Hansell*
Churita H. Hansell (#25694)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
Facsimile: (504) 680-3184